**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2800
_____

UNITED STATES OF AMERICA

v.

TYRONE DONOVAN JACOBS, JR.
                                Appellant
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(No. 4-17-cr-00388-001)
District Judge:  Hon. Christopher C. Conner

Submitted:  April 1, 2019

Before:  CHAGARES, HARDIMAN, and SILER, JR.,[+] <u>Circuit</u> <u>Judges</u>.

(Filed: April 3, 2019)

_____

OPINION[*]
_____

_____

[+] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Court of
Appeals for the Sixth Circuit, sitting by designation.
[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

Tyrone Donovan Jacobs, Jr. appeals his criminal sentence, and in particular, the application of an enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2). He asks this panel to reconsider our decision in United States v. Glass, 904 F.3d 319, 323 (3d Cir. 2018), which holds that 35 Pa. Const. Stat. § 780-113(a)(30) is not broader than the Guidelines' definition of a controlled substance offense. Insofar as Glass forecloses his argument, we will affirm.

## I.

Jacobs pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). He has at least two prior convictions for violations of 35 Pa. Const. Stat. § 780-113(a)(30), which prohibits the "delivery" of a "controlled substance." The presentence investigation report recommended that Jacobs be subject to a base offense level of 26 under U.S.S.G. § 2K2.1(a)(2) for sustaining at least two prior convictions for "a controlled substance offense." Jacobs objected to this enhancement, arguing that Pennsylvania defines "delivery" as inclusive of mere offers to sell a controlled substance, which is broader than the federal definition. The District Court rejected his argument and sentenced him to 108 months of imprisonment. He timely appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review of an interpretation of the Sentencing Guidelines. United States v. Grier, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

III.

The Sentencing Guidelines provide for a base offense level of 26 if the defendant committed the instant offense after "sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2).

Relevant here is whether Jacobs' prior felony convictions under § 780-113(a)(30), of which he has at least two, qualify as controlled substance offenses. The Guidelines define a "controlled substance offense" as an offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). To determine if a state conviction qualifies as a "controlled substance offense" under the Guidelines, we ask if the elements of the state crime are broader than the elements listed in § 4B1.2(b). See Mathis v. United States, 136 S. Ct. 2243, 2251 (2016) ("[A] state crime cannot qualify as [a § 2K2.1(a)(2) enhancement] predicate if its elements are broader than those of a listed generic offense."). See also Glass, 905 F.3d at 321 (applying Mathis to career offender analysis under § 4B1.1).

Jacobs argues on appeal that his prior state convictions for drug distribution and possession under § 780-113(a)(30) "do not qualify as 'controlled substance offenses' under the Guidelines because Pennsylvania law . . . encompass[es] forms of 'delivery' not covered by federal law." Jacobs Br. 4. Section 780-113(a)(30) criminalizes "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled

3

substance . . . ." Jacobs contends § 780-113(a)(30) is broader because it criminalizes offers to sell, while the Guidelines' definition of a controlled substance offense does not.

This argument is foreclosed by our decision in Glass. We held in Glass that § 780-113(a)(30) does not criminalize offers to sell controlled substances, that § 780-113(a)(30) is not broader than the Guidelines' definition of a controlled substance offense, and that § 780-113(a)(30) "may serve as a predicate offense to a career-offender enhancement under § 4B1.1." Glass, 904 F.3d at 322, 324. Jacobs points to Commonwealth v. Donahue, 630 A.2d 1238 (Pa. Super. Ct. 1993) for the proposition that a person may be convicted under § 780-113(a)(30) for soliciting another to provide drugs. But this case merely holds that the defendant could be convicted as an accomplice, not the principal. See id. at 1244.

Acknowledging that Glass squarely controls here, Jacobs asks us to reconsider and abrogate Glass. We decline to do so. See 3d Cir. I.O.P. 9.1 (2018) ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so."). Accordingly, because Jacobs has at least two convictions under § 780-113(a)(30), the District Court properly enhanced his base offense level pursuant U.S.S.G. § 2K2.1(a)(2).

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

4